## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION

MORRIS LEE MOORE, JR.,

      Plaintiff,

v.                                                    Case No.  5:23-cv-98-TKW-MJF

CAPTAIN DALVERY,

      Defendant.

_____/

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff Morris Lee Moore, Jr., proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. Doc. 6. Defendant Dalvery moves to dismiss the complaint on two grounds: (1) Moore failed to exhaust available administrative remedies; and (2) Moore's allegations fail to state a plausible claim for violation of the Eighth Amendment. Doc. 24. Moore opposes the motion. Doc. 26. The undersigned recommends that Dalvery's motion to dismiss be granted on the exhaustion issue, and that this action be dismissed without prejudice for Moore's failure to satisfy 42 U.S.C. § 1997e(a)'s administrative exhaustion requirement.

## I.  ALLEGATIONS OF MOORE'S AMENDED COMPLAINT

Moore is an inmate of the Florida Department of Corrections ("FDC") currently confined at the Hardee Correctional Institution. Doc. 6. Moore initiated this action on March 31, 2023, by filing a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. Moore's amended complaint names one Defendant—Captain Dalvery—a prison official at the Apalachee Correctional Institution. Doc. 6 at 2. Moore seeks to hold Dalvery liable for injuries Moore sustained from an inmate assault on February 22, 2023, at Apalachee CI.

According to Moore, on February 22, 2023, an unknown inmate attacked Moore. Doc. 6 ¶ 1. Moore suffered several cuts on his face, neck and head. *Id*. ¶ 12. Moore's face required several stitches and the attack caused a permanent scar and nerve damage. *Id*. ¶ 13.

Moore alleges that at the time he was attacked, two officers were on the compound conducting the evening meal. Dalvery was one of them. *Id*. ¶ 2. Moore asserts that Dalvery "exposed Plaintiff to a sufficiently substantial risk of serious damage to his future health" by simultaneously releasing inmates from two dormitories for the evening meal, thereby allowing 100 inmates to walk "unsupervised" to the dining

hall. *Id.* ¶¶ 3, 10. Moore alleges that Dalvery knew that releasing the inmates at the same time would pose a substantial risk to Moore's safety because Dalvery, as the Shift Officer-In-Charge, "has previously been exposed to information concerning the substantial risk of inmates being assaulted behind medical where no cameras or officers are ever posted." *Id.* ¶ 8.

Based on the foregoing allegations, Moore claims that Dalvery was deliberately indifferent to his safety in violation of the Eighth Amendment, and that Dalvery's deliberate indifference caused Moore's injuries. Moore emphasizes that his claim against Dalvery is not a "particularized risk" claim, Doc. 6 ¶¶ 9-10, but rather a "dangerous conditions" claim, *id.* ¶¶ 5-8, 11. As relief, Moore seeks $50,000.00 in compensatory damages and $30,000.00 in punitive damages, as well as any other appropriate relief.

## II. DALVERY'S MOTION TO DISMISS

Dalvery moves to dismiss Moore's amended complaint under Federal Rule of Civil Procedure 12(b)(6), because (1) Moore failed to properly exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a); and (2) Moore's allegations fail to state a plausible

claim that Dalvery violated the Eighth Amendment. Doc. 24. Moore opposes dismissal. Doc. 26.

### III.  MOORE FAILED TO PROPERLY EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES AS REQUIRED BY THE PLRA

### A.  <u>The PLRA's Exhaustion Requirement</u>

The Prison Litigation Reform Act ("PLRA") provides in relevant part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, whether they allege excessive force or some other wrong, and whether they seek injunctive relief, monetary damages, or both. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002).

"[T]he PLRA exhaustion requirement requires *proper* exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (emphasis added). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function

effectively without some orderly structure on the course of its proceedings." *Id*. at 91.

Exhaustion of available administrative remedies is a mandatory pre-condition to suit. *See Booth v. Churner*, 532 U.S. 731, 739 (2001) ("The 'available' 'remed[y]' must be 'exhausted' before a complaint under § 1983 may be entertained."); *see also Porter*, 534 U.S. at 524-25 ("Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."). In short, "a prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford*, 548 U.S. at 88.

Generally, the FDC's administrative remedy program requires an inmate to: (1) file an informal grievance with a designated prison staff member, (2) file a formal grievance at the institutional level with the Warden's office, and (3) submit an appeal to the Office of the Secretary (through the Bureau of Policy Management and Inmate Appeals in the FDC's Central Office). *See* Fla. Admin. Code rr. 33-103.005 to 33-103.007;

*see also Parzyck v. Prison Health Servs., Inc.*, 627 F.3d 1215, 1218 (11th Cir. 2010).

## B.   The Framework for Evaluating an Exhaustion Defense

A failure to exhaust administrative remedies is an affirmative defense that the defendant bears the burden of proving. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). Deciding a motion to dismiss for failure to exhaust administrative remedies involves two steps. *Turner*, 541 F.3d at 1082. First, the court looks to the factual allegations in the defendant's motion, and those in the plaintiff's response. *See id.* at 1082.  If they conflict, the court accepts the plaintiff's version of the facts as true. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.* at 1082; *see also* In *Bryant v. Rich*, 530 F.3d 1368, 1373-74 (11th Cir. 2008).

If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, "the court proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Turner*, 541 F.3d at 1082 (citing *Bryant*, 530 F.3d at 1373-74, 1376). Upon making findings on the disputed issues of fact,

the court then decides whether, under those findings, the plaintiff has exhausted his available administrative remedies. *See, e.g., Singleton v. Dep't of Corr.*, 323 F. App'x 783, 785 (11th Cir. 2009).

## C.    Application of the *Turner* Procedure

There are no disputed facts relating to exhaustion. The allegations in Moore's amended complaint, Dalvery's motion to dismiss, and Moore's response do not conflict with respect to the steps Moore took (and did not take) to exhaust administrative remedies.

Moore filed informal and formal grievances, both of which were returned without action on procedural grounds. Doc. 6 ¶¶ 15-17 & Attach. at 21-24 in ECF; Doc. 24 at 10-11 & Exs. 3, 4. Moore then filed an appeal to the Office of the Secretary. Doc. 6 ¶ 18 & Attach. at 20 in ECF; Doc. 24 at 11 & Ex. 5. On March 22, 2023, the Secretary's representative (C. Neel) responded:

> Your administrative appeal has been received, evaluated, and referred to the Warden for appropriate handling and action.
>
> The institution will be providing you with a response once their review is completed.
>
> **If you feel that the institutional response does not adequately resolve the issue, you may once again**

> **appeal to this office within 15 days from the date of the institutional response.**
>
> Based on this action, your appeal is approved **for further inquiry**.

Doc. 6 ¶ 19 & Attach. at 19 in ECF; Doc. 24 at 11 & Ex. 5 (emphasis added).

Moore's amended complaint does not contain any allegations about the Warden's response (or any appeal therefrom) upon completion of the review required by the Secretary. *See* Doc. 6. Moore filed this lawsuit on March 31, 2023—a mere 9 days after the Secretary returned the matter to the Warden. Doc. 1 at 1 & Attach. (Mailing Envelope).

According to the factual allegations in Dalvery's motion to dismiss and supporting documents, the Warden issued an amended response to Dalvery's formal grievance on March 29, 2023. The Warden's amended response denied Moore's grievance as follows:

> Your Request for Administrative Remedy or Appeal has been reviewed, evaluated, and responded to as follows: The Department of Corrections security staffing levels are designed daily to staff all shifts by establishing priorities to ensure continued security and safety of staff, visitors and inmates at all times. Note, if you feel that your life is in danger, you may at any time notify a staff member and be placed under protection. Also, should you feel that you want to seek monetary restitution, you have the right to seek

outside legal counsel for such action as this is out of the departments control.

Grievance Denied.

**Should you feel your grievance has not been satisfactorily resolved at the institutional level, you may submit an appeal to the Office of the Secretary, Bureau of Inmate Grievances, 501 South Calhoun St., Tallahassee, Florida 32399-2500 within 15 calendar days of this institutional response using the Request for Administrative Remedy or Appeal Form.**

Doc. 24 at 11-12 & Ex. 4 at 3 (emphasis added). Dalvery alleges that Moore did not appeal the Warden's amended response to the Office of the Secretary. Doc. 24 at 12 & Ex. 2.

Moore's response to Dalvery's motion to dismiss concedes that the Warden issued an amended response. Doc. 26 at 3, 4. Moore does not dispute Dalvery's allegation that Moore did not appeal the amended response to the Office of the Secretary. Moore argues only that the Warden should have responded on the merits in the first place. Doc. 24 at 3 ("[T]he Inst. chose to evade the Plaintiff's allegation until instructed to do so by central office. Had the Inst. responded correctly the first time, an amended response would not have been necessary."); *Id.* at 4 ("Warden Maddox, the Prison Official who provided the amended response in

grievance Log# 2303-102-006, could have simply provided the same response in the initial response.").

The fact remains, though, that an appeal from the Warden's amended response was available; that Moore was advised directly—twice—that the Warden's amended response was appealable; and that Moore did not appeal the Warden's amended response to the Office of the Secretary.

In light of the undisputed facts concerning exhaustion, Dalvery has met his burden of establishing that Moore failed to properly complete the administrative review process prior to filing this lawsuit on March 31, 2023. Moore's failure to exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a) warrants dismissal of this case.

## IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1.    Defendant's motion to dismiss, Doc. 24, be **GRANTED** on the issue of exhaustion.

2.      Plaintiff's amended complaint be **DISMISSED** without prejudice for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a).

3.      The clerk of court be directed to enter judgment accordingly and close this file.

At Panama City, Florida, this <u>21st</u> day of November, 2023.

<u>/s/ *Michael J. Frank*</u>
**Michael J. Frank**
**United States Magistrate Judge**

## <u>NOTICE TO THE PARTIES</u>

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**

Page 11 of 11